UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. MACIAS, | ) Case No.: 1:19-cv-01187-BAM |
| Plaintiff, | ) |
| v. | ) **ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

**INTRODUCTION**

Plaintiff Juan A. Macias ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 7, 8, 16.)

1

the record and is not based upon proper legal standards.  Accordingly, the Commissioner's determination will be reversed and remanded for further proceedings.

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff filed applications for disability insurance benefits and supplemental security income on September 17, 2015.  AR 310-11, 312-16.[2]  Plaintiff alleged that he became disabled on July 31, 2015, due to stroke, memory loss, high blood pressure, cholesterol and diabetes.  AR 350.  Plaintiff's applications were denied initially and on reconsideration.  AR 132-36, 144-49.  Subsequently, Plaintiff requested a hearing before an ALJ.  ALJ Edward Bauer held a hearing on January 12, 2018, and a supplemental hearing on July 6, 2018.  AR 41-69, 70-78.  ALJ Bauer issued an order denying benefits on August 8, 2018.  AR 16-34.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  This appeal followed.

**Hearing Testimony**

The ALJ held an initial hearing on January 12, 2018, in Pasadena, California.  Plaintiff appeared with his attorney.  Elizabeth Ramos, an impartial vocational expert, also appeared.  AR 43-44.

Plaintiff initially testified about recent landscaping labor that he did for one or two weeks and earned about $1,000.  He was moving plants around for install work, but he stopped because his back was hurting, and he could not do the work.  AR 47-49.  Plaintiff confirmed that he previously had a stroke in his work truck and was hospitalized for about one month.  From a physical standpoint, he still has some pains in his back and legs, but he does not have any weakness in his arms or legs.  The main reason he cannot work is mental.  He has trouble concentrating and remembering things.  His wife has to remind him of everything that he has to do.  He mostly passes the time by watching TV.  He no longer drives and has not driven since the stroke.  He still has trouble with dizziness and has been to the ER a few times.  He deals with dizziness about once a week.  AR 49-51.

---

[2]   References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

When asked about his stopping of the landscape work, Plaintiff testified that he was not mentally able to do the work. He would forget what he was being told. They agreed with him that it was not working out after the two weeks. Plaintiff ended the work. AR 51-52.

Plaintiff testified that he did not know what year it was. His wife tells him but later on he forgets. He did know what city they were in. Sometimes his memory is better than others and sometimes he is more forgetful. AR 52. His wife helps him out with medications and doctor appointments. He would not be able to do it on his own. He sometimes forgets to take his medications or thinks that he already took them when he did not. AR 55. He has problems remembering names, even his niece and nephews. He also has problems with his social functioning, getting along with others and interacting with people, because of anxiety. AR 55-56.

Plaintiff reported that he does chores around the house, simple things like sweeping, picking up stuff. His wife handles the bills and finances. AR 53.

In response to questions from his attorney, Plaintiff testified that he still gets headaches about once a week, which typically last about 20 minutes. During that time, he has to lie down. Plaintiff also testified that he has problems staying on his feet for long periods of time. His lower back hurts. He sometimes has dizziness when standing or walking. He also gets tired when standing on his feet for long periods of time. He can stand about 20 minutes at time. When doing the landscaping work, he would have to take breaks for about 10 or 15 minutes. At home doing activities, he also needs to take rest breaks. AR 53-55.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE. The VE classified Plaintiff's past work as cement mason. The ALJ also asked the VE hypotheticals. For the first hypothetical, the ALJ asked the VE to assume a person of Plaintiff's age, education and work experience who could lift and carry 20 pounds occasionally, 10 frequently, could stand and walk six hours, sit for six hours, never climb ladders, ropes or scaffolds, occasionally balance, stoop, kneel, crouch and crawl, no exposure to hazards such as unprotected heights or dangerous machinery and limited to simple, routine tasks. The VE testified that this would eliminate Plaintiff's past work, but there would be other work available, such as bench assembler, folder – laundry, and conveyor belt bakery worker. AR 60-61. If the person could never balance, it would not make a difference. If the

person was limited to simple, one to two step tasks, reasoning level one, the VE testified that the conveyor belt bakery worker would remain appropriate. There also would be other jobs, such as basket filler and bagger – garment. AR 61.

If they returned to hypothetical one, light with simple, routine tasks and the other limitations, but changed it to ten pounds occasionally and standing and walking of two hours, and 50 or plus, the VE testified that there would be no transferability. If someone were off task for 15% of the time, the VE testified that it would eliminate all work. Also, if a person was absent on average three days a month or more, the VE testified that would be preclusive of employment. AR 61-62.

Following the VE's testimony, the ALJ elected to order another psychology CE because there were suggestions in the record that Plaintiff's mental status had gotten worse since the stroke, not better. AR 63-65. The ALJ also left the record open for additional records.

On July 8, 2018, the ALJ convened a supplemental hearing in Pasadena, California. Plaintiff appeared with his attorney. VE Antonio Reyes also appeared. AR 71-72. Before taking testimony from the VE, the ALJ recapped testimony from the previous regarding Plaintiff's past work, which was classified as cement mason, performed as heavy. AR 75. In response to a general question from Plaintiff's counsel, the VE testified that for a person limited to simple, routine tasks who still required supervisory task redirection two times per workday, beyond what the supervisor would normally do, employment would be precluded. The VE further testified that even if it was just one time per day, it would exceed tolerances. The VE confirmed that this testimony was based on his training, experience and expertise. AR 75-76.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 22-34. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 31, 2015, his alleged onset date. AR 24. The ALJ identified status post left cerebellar hemorrhage with external ventricular

drain placement and removal, diabetes, hypertension, obesity, major depressive disorder, anxiety disorder and cognitive dysfunction as severe impairments. AR 24-25. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 25-26.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally, 10 pounds frequently, stand and walk for 6 hours during an 8-hour workday, and sit for 6 hours. He was precluded from climbing ropes, ladders and scaffolds, but could engage in other postural activity occasionally. He could never balance or be exposed to workplace hazards. Mentally, he was limited to simple 1 or 2-step tasks. AR 26-32. With this RFC, the ALJ found that Plaintiff could not perform his past relevant work, but he could perform other jobs in the national economy, such as conveyor belt bakery worker, basket filler and garment bagger. AR 32-33. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 33.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

///

**REVIEW**

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**DISCUSSION**[3]

**1. RFC**

Plaintiff contends that the ALJ erred in rejecting portions of the opinion rendered by examining physician, Dr. Danita Stewart, and failing to include those limitations in the RFC.

On March 9, 2018, Dr. Danita Stewart, a licensed clinical psychologist, completed a consultative psychological evaluation of Plaintiff. AR 1288-93. Dr. Stewart observed that Plaintiff "presented as a poor historian due to significant difficulty with memory" and his daughter completed the intake documentation and provided historical information on Plaintiff's condition. AR 1288. Plaintiff did not present with malingering behaviors and his effort was fair. *Id.* Plaintiff reported to Dr. Stewart that he had significant difficulty with memory, concentration and focus and experienced depression and anxiety. AR 1289. On mental status examination, Plaintiff was pleasant and cooperative, his effort was adequate, and his response time and work pace were within normal limits. He was oriented to person, time, place and purpose of examination and his thoughts were organized in a linear manner. His current intellectual functioning was in the "low to borderline range." AR 1290. Dr. Stewart found Plaintiff's memory to be "moderately diminished for immediate, intermediate and

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

remote recall" and his attention and concentration span were "mildly diminished." AR 1291. His fund of knowledge was low. His insight and judgment were appropriate, and he was able to respond appropriately to imaginary situations requiring social judgment and knowledge of the norms. *Id.*

On the Wechsler Adult Intelligence Scale, Fourth Edition, Plaintiff scored in the low to borderline range, with a Full Scale IQ of 68. He had an auditory memory index score of 40, a visual memory score of 82 and a visual working memory score of 70. AR 1291-92. Dr. Stewart indicated that the test results appeared to be generally "a valid estimate of the claimant's functional level at [the] time." AR 1292.

Based on the tests results and clinical data, Dr. Stewart stated that Plaintiff's overall cognitive ability fell within the low to borderline range. His probable diagnoses were unspecified neurocognitive disorder and adjustment disorder with mixed anxiety and depressed mood, chronic. AR 1292. Dr. Stewart opined that Plaintiff would be able to understand, remember and carry out short, simplistic instructions without difficulty. He had a moderate inability to understand, remember and carry out detailed instructions due to significant problems with memory, focus and concentration subsequent to his stroke in 2015. Dr. Stewart further opined that Plaintiff "may have difficulty making simplistic work-related decisions without special supervision." AR 1292. Although Plaintiff was socially appropriate with her, Dr. Stewart opined that Plaintiff may have difficulty interacting appropriately with supervisors, coworkers and peers on a consistent basis. From a cognitive standpoint, he had "a moderate inability to maintain attendance and complete an 8-hour workday in a regular workplace setting." AR 1292. He also had a moderate inability to deal with the usual stressors of a competitive workplace setting given his psychological symptoms including depression, anxiety and irritability. Plaintiff did not appear able to manage finances on his own behalf. AR 1292-93.

In formulating Plaintiff's RFC, the ALJ cited Dr. Stewart's opinion that "the claimant 'would be able to understand, remember, and carry out short, simplistic instructions without difficulty, 'he was socially appropriate with the examiner,' and that he 'has a moderate inability to maintain attendance and complete an 8 hour workday.'" AR 31. The ALJ found that these statements "constitute opinions to a reasonable degree of medical certainty, and ultimately support [the] finding that the claimant . . . remains capable of performing simple 1 and 2 step tasks." *Id.* Plaintiff argues,

however, that the ALJ's RFC determination limiting Plaintiff to simple 1 and 2 step tasks fails to account for Dr. Stewart's moderate limitations on attendance and completing a workday.  (Doc. 14 at 9-11.)

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).  "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Further, "[t]he hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'" *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

"Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020), citing *Martin v. Comm'r of Social Security Administration*, 472 Fed.App'x 580 (9th Cir. 2012) (unpublished) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it.") and *Neufeld v. Berryhill*, 2018 WL 4739699, at *6, (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."); *see also Bain v. Astrue*, 319 Fed.App'x 543, 545-46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *Flores v. Saul*, No. 1:18-cv-01523-SKO, 2020 WL 509098, at *5 (E.D. Cal. Jan. 31, 2020) (finding ALJ erred by assigning great weight to consultative psychologist's opinion, but failing to provide specific and legitimate reasons for rejecting significant portions of the opinion); *Wascovich v. Saul*, No. 2:18-cv-659-EFB, 2019 WL 4572084, at *3-*5 (E.D. Cal. Sept. 20, 2019) (finding ALJ erred by assigning substantial weight to consulting examiner's opinion that the plaintiff had a mild to moderate impairment in her capacity to maintain regular attendance, but failed to account for the limitation in the RFC).

Here, the ALJ did not expressly assign "great" or "substantial" weight to Dr. Stewart's opinion.[4] However, the ALJ explicitly credited Dr. Stewart's limitations that Plaintiff would be able to understand, remember, and carry out short, simplistic instructions without difficulty, was socially appropriate with the examiner, and had a moderate inability to maintain attendance and complete an 8 hour workday, by finding that these statements constituted "opinions to a reasonable degree of medical certainty, and ultimately support [the] finding that the claimant . . . remains capable of performing simple 1 and 2 step tasks." AR 31. As indicated by Plaintiff, the ALJ's RFC limitation to simple 1 and 2 step tasks does not reflect limitations in maintaining regular attendance or completing a normal workday, which were assessed by Dr. Stewart.

The Commissioner argues that the RFC determination appropriately incorporated Dr. Stewart's opinion into the RFC finding for simple, one- or two-step tasks. In other words, the limitation to simple 1 and 2 step tasks appropriately synthesized Dr. Stewart's opinion that Plaintiff had moderate limitations in attending work and completing a normal workday. (Doc. 15 at 6-7.) This argument is not persuasive. Courts have rejected the argument that a similar limitation to simple tasks in the RFC adequately accounts for moderate limitations in the ability to maintain regular attendance or complete a normal workday. *See*, *e.g.*, *Donna M. v. Saul*, No. 19-CV-03134-DMR, 2020 WL 6415601, at *4 (N.D. Cal. Nov. 2, 2020) (noting limitation to simple, routine tasks with no public interaction in RFC failed to address other moderate limitations, such as plaintiff's ability to relate to and interact with coworkers, associate with day-to-day work activity, maintain regular attendance in the workplace and perform work activities on a consistent basis, and perform work activities without special or additional supervision); *Sahyoun*, 2020 WL 1492661, at * 4 (rejecting argument that RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate

---

[4] The ALJ apparently assigned the greatest weight to the opinion of consultative examiner, Dr. Lou Ellen Sherrill, (AR 868-75), stating "I accept the assessments of the state agency examining mental health consultant (Exhibit 9F)." AR 26. Dr. Sherrill opined on March 3, 2016, that Plaintiff could perform simple and repetitive tasks with minimal supervision and was able to perform those tasks with appropriate persistence and pace over a normal work cycle. Dr. Sherrill further opined the Plaintiff would have moderate difficulty understanding, remembering and carrying out complex verbal instructions, could tolerate ordinary work pressures, was able to interact satisfactorily with other in the workplace, including the general public, and could observe basic work and safety standards in the workplace without difficulty. AR 872.

limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Christopher G. v. Saul*, No. 2:19-CV-06150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) (finding RFC to perform work involving simple, routine tasks with limited public and co-worker interaction failed to address moderate limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, completing a normal workday or workweek or performing at a consistent pace without an unreasonable number and length of rest periods.); *Flores*, 2020 WL 509098, at *5 (finding limitation to "simple repetitive tasks with occasional public contact" failed to accommodate moderate difficulties in completing a normal workweek without interruption from psychiatric symptoms identified by consultative psychologist); *but see Messerli v. Berryhill*, No. 1:16–cv–00800–SKO, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017 (finding limitation to "simple repetitive tasks" accounted for moderate limitations in claimant's ability accept instructions from supervisors and interact appropriately with coworkers and the public, moderate limitations in claimant's ability to maintain work attendance and to complete a normal workday and workweek without interruptions from psychological problems, mild to moderate limitations in the claimant's ability to perform work activities on a consistent basis without special or additional instruction, and moderate to serious limitations in her ability to deal with the usual stress encountered in a competitive workplace); *Calisti v. Colvin*, 2015 WL 7428724, at * 7 (E.D. Cal. Nov. 23, 2015) (holding RFC including limitations for simple, repetitive work adequately captured moderate limitations in maintaining attendance, completing a normal workday without interruptions from psychiatric condition and dealing with stress); *Schmidt v. Colvin*, No. 2:12-cv-00016-KJN, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (RFC finding for simple, unskilled work adequately incorporated moderate mental limitations).

Additionally, the Commissioner, relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), argues that the ALJ's "RFC finding---which limited the complexity of the cognitive tasks that Plaintiff would perform—was precisely the vehicle to capture Plaintiff's moderate cognitive impairment" as identified by Dr. Stewart. (Doc. 15 at 9.) In *Stubbs-Danielson*, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration,

persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.* at 1174. *Stubbs-Danielson* is distinguishable as the moderate restrictions at issue here involve limitations in maintaining attendance and completing a normal workday, not limitations in concentration, persistence or pace. *See*, *e.g., Warren v. Saul*, No. 8:19-CV-02270-PD, 2021 WL 259435, at *5 (C.D. Cal. Jan. 26, 2021) (finding case factually distinguishable from *Stubbs-Danielson* where assessment that Plaintiff could perform work involving simple, repetitive tasks requiring only simple work-related decisions and involving only occasional changes in a routine work setting, with unlimited contact and interaction with supervisors as necessary to receive work-related instructions but otherwise only occasional interaction with coworkers, failed to address the moderate limitations found by physician in plaintiff's ability to maintain regular attendance, interact with a supervisor, or complete an eight-hour workday in a regular workplace); *Sayhoun*, 2020 WL 1492661, at *4 (noting factual distinction from *Stubbs-Danielson* where physician did not opine that plaintiff could sustain work involving simple, repetitive tasks despite his moderate limitations in maintaining regular attendance, completing a normal workday or work).

The Commissioner further argues that even if the Court disagrees that the RFC finding appropriately accounted for Dr. Stewart's opinion, the ALJ sufficiently explained why he rejected greater mental limitations than those given in the RFC finding. (Doc. 15 at 11-13.) In particular, the Commissioner posits that "the ALJ's finding of inconsistent medical evidence regarding Plaintiff's cognitive functioning suffices to articulate why greater cognitive limitations were not warranted." (*Id.* at 15.) A review of the ALJ's decision does not reveal any stated reason expressly rejecting Dr. Stewart's opinion that Plaintiff had a moderate inability to maintain attendance and complete an 8-hour workday in a regular workplace setting. AR 26-32. Instead, as discussed above, the ALJ credited this statement in Dr. Stewart's opinion as constituting an opinion to a "reasonable degree of medical certainty." AR 31.  However, the ALJ's RFC limitation to "simple 1 or 2 step tasks" does not adequately account for limitations on attendance and completing a workday. "While moderate limitations do not necessarily indicate that Plaintiff is unable to perform all work activity, the ALJ was required to either include these limitations in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them." *Christopher G.*, 2020 WL 2079972, at *7; *Wiles v. Berryhill*, No. 2:16-

CV-09558-GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017) (identifying that although moderate limitations in various areas of functioning, such as in the ability to maintain regular attendance or to complete a normal workday and workweek are not per se disabling, ALJ erred in assessing RFC without either including the limitations or offering specific reasons for rejecting opinion). Absent any explanation for failing to account for these limitations, the ALJ's RFC determination is not supported by substantial evidence.

### 2. Remedy

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel,* 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

### **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, the decision is REVERSED, and the case REMANDED to the ALJ for further proceedings consistent with this order. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Juan A. Macias and against Defendant Andrew M. Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **March 5, 2021**   /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE