UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN A. MACIAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:19-cv-01187-BAM<br><br>**ORDER GRANTING AMENDED MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(Docs. 21, 28) |

**I.　　Introduction**

Steven G. Rosales ("Counsel"), attorney for Juan A. Macias ("Plaintiff"), filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b) on March 15, 2022.  (Doc. 21.)  The motion was served on Plaintiff and contained notice that any response should be filed within fourteen (14) days.  (*Id.* at 1-2, 22.)  Plaintiff did not file a response.

On August 11, 2022, the Commissioner filed a response to the motion, and provided an analysis of the fee request.  The Commissioner noted discrepancies in amounts requested or received by Counsel, including payment of $6,000.00 in fees under section 406(a).  (*See generally* Doc. 27.)  Thereafter, Counsel filed an amended motion for attorney fees with adjusted amounts.  (Doc. 28.)  Plaintiff was served with a copy of the amended motion on August 16,

1

2022. (Doc. 30.) Plaintiff has not objected or otherwise responded to the amended fee request.

Having considered the amended motion and its supporting documentation, as well as the record in this case, and as detailed below, the Court will grant the amended motion.

## II.     Relevant Background

Plaintiff, through Counsel, filed this action challenging the denial of social security benefits on August 29, 2019. (Doc. 1.) On March 8, 2021, the Court issued an order reversing the Commissioner's denial of benefits and remanding the action for further proceedings. (Doc. 17.) Judgment was entered in Plaintiff's favor. (Doc. 18.) On June 2, 2021, the Court approved the parties' stipulation to award Plaintiff attorney fees of $4,400.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 20.)

On remand, an administrative law judge issued a partially favorable opinion. (Doc. 21-2.) Past benefits were awarded in the amount of $62,780.00; 25% of that amount is $15,695.00.[1] (Doc. 27-1, Ex. 1 to Declaration of Ellinor Coder.) The Commissioner withheld the $15,695.00 from Plaintiff's past due benefits to pay her lawyer, and paid Counsel $6,000.00. Following payment, the Commissioner withheld the remaining amount of $9,695.00. (*Id.*) Counsel also previously received payment of $4,400.00 in EAJA fees. (Doc. 28 at 1) ("the EAJA fees previously paid in the amount of $4,400.00.")

In the amended motion, Counsel seeks approval of attorney fees in the amount of $15,695.00, which is equal to 25% of the amount withheld by the Commissioner. (Doc. 28 at 2.) Counsel represents that approval of the fee will have "the net effect of Counsel keeping the $6,000 already received, receiving the additional $9,695.00 the Social Security Administration has withheld, with $4,400.00 to be refunded as a credit for the [EAJA] payment for a net fee of $11,295.00." (*Id.* at 2.)

Counsel contends that the 25% fee amount is reasonable considering the services expended and the results achieved. (*See* Doc. 21 at 8.) As noted, Plaintiff did not file any objection to Counsel's amended request.

---

[1] The award letter was issued after Counsel's fee petition, but prior to Counsel's amended petition.

**II.     Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807.  "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA."  *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796.).

**III.    Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Plaintiff's counsel's requested fees to be reasonable. In support of the original motion for attorneys' fees under 42 U.S.C. § 406(b), Plaintiff's counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the past-due benefits.  (Doc. 21-1.) Plaintiff's counsel accordingly accepted the risk of loss in the representation. Plaintiff's counsel

3

additionally expended a total of 23.3 hours while representing Plaintiff before the District Court. (Doc. 21 at 6; Declaration of Steven G. Rosales at ¶ 5 and Ex. 4.) The aggregate requested fee amount will not exceed the applicable maximum.  As a result of Counsel's work before the Court, the matter was remanded for further proceedings and the Commissioner awarded Plaintiff benefits.

Plaintiff's counsel provided a copy of the amended motion for attorney's fees to Plaintiff. (Doc. 30.)  Although served with the original motion and amended motion, Plaintiff did not challenge the requested fees which attests to their reasonableness.

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff was able to secure a fully favorable decision at the federal court level and a remand for further proceedings, including a subsequent award of past-due benefits. Accordingly, the Court finds the fees sought by counsel are reasonable in light the results achieved in this action, and the amount, which will include fees already received by Counsel in the amount of $6,000.00, will not exceed twenty-five percent of the maximum permitted under 42 U.S.C. § 406(b).

**IV.     Conclusion and Order**

Based upon the foregoing, the Court ORDERS:

1. Counsel's amended motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 28) is GRANTED;

2. The Court approves an attorney fee award of $15,695.00 pursuant to 42 U.S.C. § 406(b).  Counsel shall retain the $6,000.00 already received and shall receive the additional $9,695.00 the Social Security Administration has withheld;

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $4,400.00 as an offset for fees previously awarded pursuant to the EAJA.

IT IS SO ORDERED.

Dated:   **September 16, 2022**                    /s/ *Barbara A. McAuliffe*          
                                                                              UNITED STATES MAGISTRATE JUDGE

4